UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO:

JAMES INGLE, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.

JMR SERVICES, LLC,
a Florida Limited Liability Company
and JUSTIN ROBERTS, individually

    Defendants.

_____/

## COLLECTIVE ACTION COMPLAINT

Plaintiff James Ingle, ("Plaintiff") on behalf of himself and all others similarly situated, by and through his undersigned counsel, brings this collective action under the Fair Labor Standards Act ("FLSA") against JMR Services, LLC., a Florida Limited Liability Company ("JMR" or "Defendant") and Justin Roberts, individually ("JRoberts" or "Defendant")(collectively, "Defendants") as joint employers, for unpaid overtime compensation and hereby states as follows:

### NATURE OF THE ACTION

1.    Plaintiff, JAMES INGLE("Plaintiff")alleges on behalf of himself and on behalf of other similarly situated current and former employees of Defendants, JMR Services, LLC., and Justin Roberts(collectively, "Defendants") who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2. Plaintiff seeks class-wide relief on behalf of himself, and all other similarly situated employees, who were subjected to Defendants' common and illegal pay practices and policies of failing to pay their employees proper overtime compensation for hours worked over forty (40) per workweek.

3. Plaintiff seeks conditional certification of the following class:

> All hourly paid laborers who worked for Defendants during the relevant limitations period who were not paid full and proper overtime compensation for hours worked over forty (40) per workweek.

## THE PARTIES

4. At all times material hereto, Plaintiff, was and continues to be a resident of Highlands County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

5. Plaintiff is an adult resident of Florida and was employed by Defendants as a non-exempt hourly paid installer technician laborer from October 19, 2020, through May 30, 2022.

6. Plaintiff consents in writing to become the named Plaintiff party to this action pursuant to 29 U.S.C. § 216(b); his written consent is attached hereto as Exhibit A.

7. During the Relevant Liability Period, Plaintiff was a covered employee within the meaning of the FLSA.

8. At all times material hereto, Defendant, JMR, was conducting business in Lake Placid, Florida, with its principal place of business in that city.

9. At all times material hereto, Defendant, JRoberts, was conducting business in Lake Placid, Florida, with its principal place of business in that city.

10. At all times material hereto, Defendants, JMR and JRoberts were the joint employers of Plaintiff and the purported class members he seeks to represent.

11. At all times material hereto, Defendants were and continue to be joint "employer[s]" within the meaning of the FLSA.

12. At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiff, and all similarly situated class members his/their lawfully earned overtime wages in conformance with the FLSA.

13. Defendants committed a willful and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

14. At all times material hereto, Defendants were, and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA.

15. At all times material hereto, the work performed by Plaintiff, and the purported class members, was directly essential to the business performed by Defendants.

16. Plaintiff fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

17. Upon information and belief, at all relevant times herein, defendant Land Appliance has used goods and materials produced in interstate commerce and has employed at least two individuals who handled such goods and materials.

18. Upon information and belief, at all relevant times, defendants have constituted an "enterprise" as defined in the FLSA.

19. Upon information and belief, defendant JRoberts is an owner and principal of defendant JMR, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

20. Defendant JRoberts was involved in the day-to- day operations of defendant JMR and played an active role in managing the business.

21. Defendants constituted "employers" of Plaintiff as that term is used in the Fair Labor Standards Act ("FLSA").

## JURISDICTION AND VENUE

22. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

23. Venue in the Southern District of Florida is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendants provide services in this District and is thus considered a resident of this District. Further, a significant portion of the events giving rise to the claim alleged herein occurred within this District.

24. At all times pertinent to this Complaint, Defendant, JMR either individually, or jointly, was an enterprise engaged in interstate commerce.

25. At all times pertinent to this Complaint, Defendant, JRoberts either individually, or jointly, was an enterprise engaged in interstate commerce.

26. At all times pertinent to this Complaint, Defendant JMR regularly owned and operated a business engaged in commerce either individually, or jointly, or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

27. At all times pertinent to this Complaint, Defendant, JRoberts regularly owned and operated a business engaged in commerce either individually, or jointly, or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

28. Defendants operate an appliance installation business which offices several services to its customers, for example, appliance installation services, appliance moving services, appliance removal and recycling as well as dryer vent and exhaust fan installation among other types of services. Plaintiff's work, and the work of the purported class members, involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce.

29. Based upon information and belief, the gross revenue of Defendants, individually and/or jointly, was in excess of $500,000.00 per annum during all times relevant.

30. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

31. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry-on business in the Southern District of Florida.

32. The venue of this Court over this controversy is based upon the following:

    a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida; and

    b. Defendants were and continue to be a Florida company and individuals doing business within this judicial district.

## COLLECTIVE ACTION ALLEGATIONS

33. Pursuant to 29 U.S.C. §§ 206 and 207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> **All drivers/technicians/installers who are or were formerly employed by defendants in Florida at any time since October 2019, to the entry of judgment in this case (the "Collective Action Period"), and who were not paid overtime compensation at rates at least one-and-one-half times**

**the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").**

34. The Collective Action Members are similarly situated to Plaintiff in that they were employed by defendants as drivers/technicians/installers and were denied premium overtime pay for hours worked beyond forty (40) hours in any given workweek.

35. They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them overtime.

36. Plaintiff and the Collective Action Members perform or performed the same or similar primary duties and were subjected to the same policies and practices by defendants.

37. The exact number of such individuals is presently unknown but is known by defendants and can be ascertained through appropriate discovery.

## FACTS

38. At all relevant times herein, defendants owned and operated an appliance installation company in Lake Placid, Florida.

39. Plaintiff and the Collective Actions Members were employed as drivers/technicians/installers.

40. Plaintiff and the Collective Actions Members' primary duties were to deliver appliances to customers, install them in customers' homes, and haul away old appliances.

41. Plaintiff's work was performed in the normal course of defendants' business and was integrated into the business of defendants and did not involve executive or administrative responsibilities.

42. At all relevant times herein, Plaintiff was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

43. Plaintiff worked regular schedules of five (5) to six (6) ten or more hour days per week, for a total of at least 60 hours per week each week of his employment.

44. However, at least two times per month Plaintiff would be required to work extra eight- or nine-hour shifts on Saturdays and/or Sundays; in addition, they were sometimes required to work beyond the ends of their shifts on weekdays.

45. As a result, Plaintiff worked at *least* sixty (60) hours or more during his employment with Defendants.

46. Defendants provided a time clock for employees to track their time worked; however, employees generally were not permitted to use the clock on Saturdays or Sundays.

47. Plaintiff was paid an hourly rate/day rate throughout his employment with Defendants.

48. Defendants would automatically deduct one (1) hour of pay from Plaintiff and other similarly situated drivers' pay for one or more automatic meal break(s), although Plaintiff and Defendants' other driver/installer/technicians did not actually take these breaks.

49. Defendants made the automatic meal break deduction even though, on almost every workday Plaintiff and other the Collective class members worked through their meal break, which included completing scheduled deliveries to customers of Defendants on time.

50. Plaintiff and other similarly situated employees' meal break activities-which totaled between 5 and 6 hours during a typical workweek, predominately benefited Defendants.

51. Because Plaintiff and other the class members were/are full-time employees and often worked at least forty (40) hours per workweek-most of the uncompensated meal break would constitute overtime work under the FLSA.

52. By failing to pay Plaintiff and other the class members for all overtime hours worked, Defendants acted willfully and with reckless disregard of clear applicable FLSA provisions.

53. Defendants failed to pay Plaintiff any overtime for hours worked beyond 40 hours in a workweek, in violation of the FLSA.

54. Defendants' failure to pay Plaintiff overtime for overtime hours worked was willful and lacked a good faith basis.

55. Upon information and belief, throughout the period of plaintiff's employment and continuing until today, defendants have likewise employed other individuals like Plaintiff and the Collective Action Members in positions at defendants' appliance store that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

56. Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of overtime.

57. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA.

58. Upon information and belief, these other individuals were not permitted to take meal breaks, but defendants automatically deducted an hour from their daily pay as well.

59. Upon information and belief, while defendants employed Plaintiff and the Collective Action members, and through all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide accurate records to employees and failed to post or keep posted notices explaining overtime pay rights provided by the FLSA.

## COUNT I

(Fair Labor Standards Act - Overtime)

60. Plaintiff, on behalf of himself and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

61. At all relevant times, defendants employed Plaintiff, and each of the Collective Action Members within the meaning of the FLSA.

62. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

63. As a result of defendants' willful failure to compensate their employees, including Plaintiff and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

64. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

65. Due to defendants' FLSA violations, Plaintiff and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff individually and on behalf of the Collective Action Members, respectfully requests judgement against Defendants and prays that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d. Find that Defendants' violation of the FLSA was willful and impose a three- year statute of limitations period for FLSA claims;

e. Award Plaintiff and all non-exempt hourly paid laborers unpaid overtime compensation;

f. An award of liquidated damages as a result of defendants' willful failure to pay statutory overtime compensation pursuant to 29 U.S.C. § 216;

g. Compensation for illegal deductions from pay;

m. An award of prejudgment and post judgment interest;

n. An award of costs and expenses of this action together with reasonable attorneys' fees; and

o. Such other, further, and different relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated this 19th day of October, 2022.

                Respectfully submitted,

                ***/s Noah E. Storch***
                Noah E. Storch, Esq.
                Florida Bar No. 0085476
                RICHARD CELLER LEGAL, P.A.
                10368 West State Road 84, Suite 103
                Davie, Florida 33324
                Telephone: (866) 344-9243
                Facsimile: (954) 337-2771
                E-mail: **noah@floridaovertimelawyer.com**

*Trial Counsel for Plaintiff*

# **EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO:

JAMES INGLE, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.

JMR SERVICES, LLC,
a Florida Limited Liability Company
and JUSTIN ROBERTS, individually

    Defendants.
_____/

**CONSENT TO BECOME PARTY PLAINTIFF**

    I, JAMES INGLE, consent to become the party plaintiff in the above-styled Lawsuit.

Dated this  Oct 19, 2022  day of October 2022

Signature: *James ingle jr*
            James ingle jr (Oct 19, 2022 19:20 EDT)

Print:    James ingle Jr